Filed 8/28/13  P. v. Hrenko CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>BRIAN MICHAEL HRENKO,<br><br>     Defendant and Appellant. | F064807<br><br>(Super. Ct. No. CRF36768)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Kendall Simsarian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis M. Martinez, and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Cornell, Acting P.J., Kane, J. and Peña, J.

Defendant Brian Michael Hrenko was convicted of receiving stolen property (Pen. Code,[1] § 496) after trial by jury.  His sole contention on appeal is that his state constitutional right to a unanimous verdict was violated because the court failed to request that each juror orally affirm the verdict, pursuant to section 1149.  We find defendant forfeited the claim by failing to object in the trial court.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant was charged with residential burglary and receiving stolen property. Before jury deliberations, the court gave the jury its final instructions, including the admonition that "[their] verdict on each count must be unanimous.  This means that to return a verdict, all of you must agree to it."  After approximately three hours of deliberations, the jury reached a verdict and returned to the courtroom, at which time the following exchange took place:

> "THE COURT:  Let the record reflect that all jurors are present.  The alternate is not present, counsel are present and the defendant is present.

> "Ladies and gentleman, I understand you've reached a verdict in this case?

> "THE FOREPERSON:  We have.

> "THE COURT:  (BADGE NO 277489), are you the foreperson?

> "THE FOREPERSON:  Yes, sir.

> "THE COURT:  Would you hand to the Bailiff—the verdicts to the Bailiff, please."

The jury's verdict was then read aloud by the clerk.  The jury found defendant not guilty of residential burglary, but found him guilty of receiving stolen property.  Once the verdict was read, the court asked if "either counsel wished to have the Jury polled."  Both the prosecution and defense declined to do so.  The court then thanked the jurors for their service and dismissed them.

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

DISCUSSION

On appeal, defendant argues his constitutional right to a unanimous verdict was violated because the court failed to request that each juror orally affirm the verdict, pursuant to section 1149. Defendant further argues the error is structural and thus reversible per se. Plaintiff disagrees, arguing defendant forfeited his right to appeal the verdict by failing to object to the alleged error before the jury was discharged and that even if the issue is preserved, any error was harmless.

After briefing was completed, our Supreme Court decided *People v. Anzalone* (2013) 56 Cal.4th 545, which squarely addresses the issues here. In *Anzalone*, the following exchange took place between the trial court and jury after deliberations:

> "'THE COURT: We're back on the record in the presence of the jury now as well. And ladies and gentlemen, I understand you've reached a verdict. Who is the foreperson? Mr. (juror)?
>
> "'JUROR: Yes sir.
>
> "'THE COURT: Hand the verdict forms to the deputy. I'll hand those to the clerk to read the verdict.'" (*People v. Anzalone*, *supra*, 56 Cal.4th at p. 549.)

The verdicts were then read aloud. The defendant was acquitted of vandalism, but found guilty on the other counts. (*People v. Anzalone*, *supra*, 56 Cal.4th at p. 549.) After the verdict was read, the court thanked the jurors and dismissed them. (*Id*. at pp. 549-550.) On appeal, the defendant argued that her state constitutional right to a unanimous jury verdict was violated because the court failed to ask the jury foreperson or the jurors to affirm their verdict as required by section 1149. (*Anzalone*, at p. 550.) In addressing the issue, the Supreme Court set out several rules that govern the very controversies raised by the parties in the present case.

First, applying the requirement that a party must object to an incomplete polling to preserve the issue for appeal (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 263-265), the court held that "a defendant who does not object to the trial court's failure to comply with section 1149 forfeits the argument that the trial court erred." (*People v. Anzalone*,

*supra*, 56 Cal.4th at p. 551.) Second, the court found a failure to comply with section 1149 does not constitute structural error, and where, as here, the verdict was read and recorded in the presence of all 12 jurors, the error was harmless. (*People v. Anzalone*, *supra*, at pp. 558-560.) The court held harmlessness is to be determined under the *People v. Watson* (1956) 46 Cal.2d 818, 836, standard of review. (*People v. Anzalone*, *supra*, at p. 555.)

Applying *Anzalone* to the present case, we find defendant's failure to object to the court's alleged noncompliance with section 1149 forfeited his right to raise the issue on appeal. Even if this court were to reach the merits of the issue, we would find any error harmless.

> "[S]ection 1149 requires that when the jury returns after reaching a verdict, the court or clerk must ask 'whether they have agreed upon their verdict, and if the foreman answers in the affirmative, they must, on being required, declare the same.'" (*People v. Anzalone*, *supra*, 56 Cal.4th at p. 551.)

The court in *Anzalone* explained that a foreman's oral declaration is sufficient acknowledgement of the verdict. (*Ibid.*) Here, the court unequivocally asked the foreman whether the jury had reached a verdict, to which the foreman clearly answered in the affirmative. Thus, it is arguable that the court substantially complied with section 1149. However, even if we were to assume section 1149 was not satisfied, any error was necessarily harmless. Like in *Anzalone*, the jury here was instructed that it must unanimously reach a verdict, the jury deliberated for approximately three hours, and when it returned with a verdict, the foreman affirmed the jury reached a verdict. (*People v. Anzalone*, *supra*, 56 Cal.4th at pp. 549, 555-560.) Further the verdict was read in open court with all jurors present and no juror expressed any disagreement with the verdict. Under these circumstances, any error was necessarily harmless. (*Ibid.*)

## DISPOSITION

The judgment is affirmed.